defendant moved for a new trial on the ground of newly-discovered evidence, which motion was also denied. Upon appeal from the judgment and from the order denying defendant's motion for a new trial on the ground of newly discovered evidence, the judgment and order are unanimously affirmed, with costs. No opinion. Appeal from order denying defendant's motion to set aside the verdicts and for a new trial, made upon the rendition of the verdicts, dismissed, without costs. No such order is printed in the record. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Aldrich, JJ.

C. ALAN HAHN, Respondent, v. DORBIN HOLDING CO., INC., Appellant, et al., Defendants.— Appeal by defendant Dorbin Holding Co., Inc., from a judgment of the County Court of Westchester County, entered on the verdict of a jury, in an action upon an alleged oral contract to repair a building. Judgment reversed on the law and the facts and a new trial ordered, with costs to abide the event. The complaint sets forth three causes of action. The first cause of action is for damages caused by a breach of an oral contract on the part of the appellant, based upon a claim that appellant failed to permit the plaintiff to complete his contract, and is for the loss of profit caused by such breach. The finding of fact implicit in the jury's verdict that an oral contract was entered into on the 10th day of April, 1943, between the plaintiff and the appellant whereby respondent was to furnish the materials and labor, and to make the repairs to the premises at an agreed price of $5,000, is against the weight of the evidence. The second cause of action is for work, labor and services and materials furnished by plaintiff in repairing the roof on the premises owned by the appellant, in the sum of $582. The proof offered by the plaintiff as to the second cause of action was to the effect that he had entered into a contract to repair the roof for the sum of $900; that the cost of the carpenter work and the material which he used was $582; and that the cost of waterproofing the roof, which work was to be done by the Universal Roofing Company, amounted to $318. The finding of fact implicit in the jury's verdict that he did this work, as agreed, is also against the weight of the evidence. Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ., concur.

ELSIE E. HUSSER, Respondent, v. LE ROY HUSSER, Appellant.— Order denying defendant husband's application to amend a decree of separation by reducing the alimony, affirmed, with ten dollars costs and disbursements. No opinion. Close, P. J., Carswell, Johnston, Adel and Lewis, JJ., concur.

In the Matter of the Accounting of RUBIN CHYAT, as Administrator of the Estate of MORRIS CHYAT, Deceased, Respondent-Appellant. GUSSIE WAITZEL, Appellant-Respondent.— Cross appeals from an order of the Surrogate's Court, Kings County, which denied as to certain items appellant-respondent's motion for an examination before trial under section 288 of the Civil Practice Act, and denied *in toto* her motion for discovery and inspection under section 324 of the Civil Practice Act, and directed the respondent-appellant to produce certain papers, books and documents pertaining to the subject matter of said examination. Order affirmed, without costs. (1 Butler on New York Surrogate Law and Practice, § 336, p. 190, and cases cited.) Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ., concur.

In the Matter of JOHN A. CURTIN, Petitioner, against WILLIAM WILSON, as Commissioner of the Department of Housing and Buildings of the City of New York, Respondent.— Proceeding under article 78 of the Civil Practice Act to review the determination of the respondent who, after hearings, dismissed the petitioner from his employment as a plumbing inspector in the

Department of Housing and Buildings of the City of New York. Determination unanimously confirmed, without costs. No opinion. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ.

In the Matter of WILLIAM G. DREW, Petitioner, against WILLIAM WILSON, as Commissioner of the Department of Housing and Buildings of the City of New York, Respondent.— Proceeding under article 78 of the Civil Practice Act to review the determination of the respondent who, after hearings, dismissed the petitioner from his employment as a plumbing inspector in the Department of Housing and Buildings of the City of New York. Determination unanimously confirmed, without costs. No opinion. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ.

In the Matter of FRANK J. HERLIHY, Petitioner, against EVANS WARD et al., Constituting the Westchester County Park Commission, Respondents.— Proceeding under article 78 of the Civil Practice Act to review determination of respondents in dismissing petitioner from the position of patrolman in the Westchester County Parkway Police Force. Determination unanimously confirmed, without costs. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Aldrich, JJ. [See *post*, p. 755.]

In the Matter of THOMAS C. HUGHES, as Acting District Attorney of Kings County, Appellant, against COUNTY COURT OF KINGS COUNTY, FRANKLIN TAYLOR, a Judge of the County Court of Kings County, SAMUEL GOLDMAN and PHILIP BIALER, Respondents.— Order denying appellant's motion for an order prohibiting the respondents from proceeding under an order granting an inspection of grand jury minutes unanimously affirmed, without costs. No opinion. Present — Hagarty, Acting P. J., Carswell, Adel, Lewis and Aldrich, JJ.

In the Matter of JOHN A. POWELL, Petitioner, against WILLIAM WILSON, as Commissioner of the Department of Housing and Buildings of the City of New York, Respondent.— Proceeding under article 78 of the Civil Practice Act to review the determination of the respondent who, after hearings, dismissed the petitioner from his employment as a plumbing inspector in the Department of Housing and Buildings of the City of New York. Determination unanimously confirmed, without costs. No opinion. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ.

In the Matter of Compensation of GEORGE A. NAGLE, Respondent, an Attorney, for Services Rendered to the Estate of THERESA WICKS, Deceased. CLIFTON R. ENGLER et al., as Executors of THERESA WICKS, Deceased, Appellants.— Decree of the Surrogate's Court of Nassau County, fixing respondent's compensation for services rendered to the estate and directing the executors to pay it out of the funds of the estate, reversed on the law and the facts, without costs, and the petition dismissed, without costs. Admittedly respondent, who was attorney for one of the distributees, urged the executors to prosecute the estate's claim against George Wicks in the Supreme Court. Although that action resulted in increasing the estate by upwards of $8,000, it was prosecuted by the attorney for the executors and the successful result was due to his efforts. Respondent was not retained by the executors and whatever services he rendered were performed at the request and in the interests of his client. Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ., concur.

MORRIS R. NIMAN, Appellant, v. RUTH B. NIMAN, Defendant. MYRON KOMMEL, Owner-Appellant; MORRIS F. GOLDSTEIN, Tenant-Respondent.— In an action for specific performance of an agreement to convey real property, after judgment a motion for an order in the nature of a writ of assistance to remove an